

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2006

# Taylor v. PA Bd Probation

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1579

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Taylor v. PA Bd Probation" (2006). *2006 Decisions.* Paper 1060.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1060

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1579
_____

Barnard Taylor,

Appellant

v.

Pennsylvania Board of Probation and Parole;
The Attorney General of Pennsylvania

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 04-cv-04458)
District Judge: Honorable Edmund V. Ludwig
_____

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2006

Before: SCIRICA, CHIEF JUDGE, BARRY AND COWEN, CIRCUIT JUDGES

(Filed:  May 23, 2006)
_____

OPINION
_____

PER CURIAM

    Bernard Taylor pled guilty in 1988 to attempted rape and corruption of minors; he

was subsequently convicted of third degree murder, for which he received a consecutive

1

sentence of 10-20 years' imprisonment. In 2002 Taylor became eligible for parole, but the Pennsylvania Parole Board declined to release him. After seeking relief in state court from that denial of parole, Taylor filed a federal habeas corpus petition in which he challenges not only the denial of parole in 2002 but also the Board's subsequent parole denials in 2003 and 2004. The District Court denied the petition, concluding inter alia that petition was unexhausted with regard to the 2003 and 2004 denials and that all of Taylor's claims were meritless. This appeal followed. We issued a certificate of appealability on the merits of Taylor's *ex post facto* challenge to the Parole Board's decisions denying parole.[1] Because he has not shown that the Board applied the 1996 amendments to his detriment, we will affirm the order of the District Court denying his petition for habeas corpus.[2]

In its February 2002 notice of rejection, the Board stated that it had "determined that the fair administration of justice cannot be achieved through your release on parole." The Board recommended that Taylor follow various treatment programs and maintain a favorable recommendation from the prison officials, and stated that it would consider his written version of his offence and his release plan at the next interview. In October 2002

---

[1] We also issued a certificate of appealability as to whether the exhaustion should be excused as futile with respect to the 2003 and 2004 denials. However, because we conclude Taylor's claim is meritless with regard to all three denials, we need not address this question. See 28 U.S.C. § 2254(b)(2).

[2] We have jurisdiction under 28 U.S.C. § 2253. Our review is plenary. Richardson v. Pennsylvania Bd. of Probation and Parole, 423 F.3d 282, 287 n.3 (3d Cir. 2005).

the Board amended its decision, adding to the reasons for denying parole the nature and circumstances of the offenses committed, the recommendation of the prosecuting attorney, and Taylor's need to participate in and complete additional institutional programs. The Board's 2003 decision was similar, except that it also cited Taylor's lack of remorse, his parole interview, and reports, evaluations and assessments of his "physical, mental and behavior condition and history." The Board's 2004 rejection was substantially the same as the 2003 decision.

Taylor argues that the Parole Board violated the Ex Post Facto Clause when it denied parole in 2002, 2003, and 2004. He contends that the Board relied upon the 1996 amendments to the statute governing Pennsylvania parole standards, which place increased weight on public safety. Amended statute requires that the Parole Board "first and foremost seek to protect the safety of the public." Pa. Stat. Ann, tit. 61, § 331.1 (2006). Previously, the parole statute had emphasized rehabilitation and the restoration of prisoners to social and economic life. See Pa. Stat. Ann., tit. 61, § 331.1 (pre-1996 version).

As we recently explained:

> The ex post facto inquiry has two prongs: (1) whether there was a change in the law or policy which has been given retrospective effect, and (2) whether the offender was disadvantaged by the change. To violate the Ex Post Facto Clause, a retroactive change in the law or policy must create a sufficient risk of increasing the measure of punishment attached to the covered crimes; a speculative and attenuated possibility of increasing the measure of punishment is not enough.

Richardson v. Pennsylvania Bd. of Probation and Parole, 423 F.3d 282, 287-288 (3d Cir.

3

2005) (internal quotation marks, ellipses and citations omitted). We expressly rejected the contention that the retroactive application of the 1996 amendments is a per se violation of the Ex Post Facto Clause entitling the petitioner to automatic relief. Id. at 291.

Taylor concentrates on the first prong of the analysis, and we will assume for present purposes that he satisfies that inquiry. However, "he must also adduce some evidence that this new law or policy disadvantaged him by creating a significant risk of increasing his punishment." Id. at 292 (quotation marks omitted). The mere intuition that stricter standards are more likely to lead to an adverse result is insufficient. Id. Rather, Taylor must provide such evidence as indications that he would have been a good candidate for parole under the old law, comparisons of parole rates for prisoners with similar convictions before and after the 1996 amendments, and the extent to which the reasons given for denying him parole would not have been considered before 1996. Id. at 292-293.

Taylor has made no such showing and, thus, fails the second prong of the ex post facto analysis. Accordingly, we will affirm the judgment of the District Court.

4